IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANGELA WESTLAKE,            )<br>                                           )<br>         Plaintiff,              )<br>                                           )<br>    v.                                 )<br>                                           )<br> SPRINGFIELD POLICE    )<br> DEPARTMENT,              )<br>                                           )<br>         Defendants.         ) | No.  06-3284 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Springfield Police Department's Motion to Dismiss the Complaint (d/e 9) (Defendant's Motion). Plaintiff Angela Westlake is a former law enforcement officer of the Springfield Police Department (Department). She filed the instant two-count Complaint (d/e 1) on November 30, 2006. Count I alleges that the Department discriminated against Westlake on account of gender in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5. Count II alleges that the Department terminated Westlake's employment, in part, in retaliation for her conduct in complaining about a

1

sexually hostile work environment, in violation of Title VII.

The Department asserts that dismissal of the entire Complaint is warranted pursuant to Fed. R. Civ. P. 12(b)(6) based on the fact that it is not a suable entity. The Department next asserts that dismissal of Count I of the Complaint is warranted pursuant to Fed. R. Civ. P. 12(b)(6), because Westlake fails to allege enough facts to put the Defendant on notice of its alleged violations. The Department lastly contends that dismissal of Count I of the Complaint is further warranted pursuant to Fed. R. Civ. P. 12(b)(1), because Westlake failed to include a gender discrimination claim in her Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC). For the reasons set forth below, the Motion to Dismiss is ALLOWED.

In considering Defendant's Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. Doherty v. City of

Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

The following facts are taken from the allegations of the Complaint. Plaintiff Westlake is an adult female. She began her employment with the Department on September 4, 2001, as a law enforcement officer. At all times during her employment, Westlake performed her job according to the Department's legitimate expectations. During her employment with the Department, Westlake perceived that she was being subjected to a sexually hostile work environment. She therefore complained about this matter on numerous occasions. She was terminated from her employment on February 2, 2005. At the time of her discharge, no male officers who were otherwise similarly situated to her were discharged. Westlake therefore alleges that she was discriminated against on account of her gender. She asserts that her termination "was the result of a willful or intentional effort on the part of the [Department] to discriminate against [her] because of her gender." Complaint, ¶ 10. She further alleges that she was terminated, in part, in retaliation for previously complaining about a sexually hostile work environment. Westlake seeks, among other things, declaratory and injunctive relief.

Defendant moves to dismiss contending: (1) the Department is not

a suable entity; (2) Count I fails to outline sufficient facts to put the Defendant on notice of its alleged violations; and (3) Plaintiff has failed to exhaust her administrative remedies with respect to Count I because she did not include the gender discrimination claim in her EEOC Charge of Discrimination.

Defendant asserts that the Department is not a suable entity; thus, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant is correct that the Department is not a suable entity. See Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997); West By and Through Norris v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997). Indeed, the Department "does not enjoy a legal existence that is independent of the City of [Springfield], and therefore may not be sued as a separate entity. Any claims that the plaintiff may have arising from injuries caused by the [D]epartment's conduct or inaction are properly lodged against the City." Moseley v. City of Chicago, 1991 WL 53765 at *3 (N.D. Ill. 1991) (internal citations omitted)). Therefore, Defendant's Motion to Dismiss on this basis is allowed. Plaintiff, however, is granted leave to replead. The Court finds no reason to address Defendant's other arguments at this time.

THEREFORE, for the reasons set forth above, Defendant's Motion

to Dismiss (d/e 9) is ALLOWED.  Plaintiff, however, is granted leave to file an amended complaint by April 30, 2007.

IT IS THEREFORE SO ORDERED.

ENTER: April 4, 2007.

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE