IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANGELA WESTLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3284 |
| | ) | |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant City of Springfield, Illinois' (City) Motion to Dismiss the Complaint (d/e 14). Plaintiff Angela Westlake is a former law enforcement officer of the Springfield Police Department (Department).  With leave of Court, Westlake filed her two-count First Amended Complaint (d/e 12) on April 17, 2007.  Count I alleges that the City discriminated against Westlake on account of gender in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5.  Count II alleges that the City terminated Westlake's employment, in part, in retaliation for her conduct in

complaining about a sexually hostile work environment, in violation of Title VII. The City moves to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion to Dismiss is DENIED.

For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The following facts are taken from the allegations of the First Amended Complaint. Plaintiff Westlake is an adult female. She began her employment with the City on September 4, 2001, as a law enforcement officer. At all times during her employment, Westlake performed her job according to the City's legitimate expectations. During her employment with the City, Westlake perceived that she was being subjected to a sexually hostile work environment. She therefore complained about this matter on numerous occasions. She was terminated from her employment on February 2, 2005. At the time of her discharge, no male officers who were otherwise similarly situated to her were discharged. Westlake therefore

alleges that she was discriminated against on account of her gender. She asserts that her termination "was the result of a willful or intentional effort on the part of the City of Springfield, Illinois to discriminate against [her] because of her gender." First Amended Complaint, ¶ 10. She further alleges that she was terminated, in part, in retaliation for previously complaining about a sexually hostile work environment. Westlake seeks, among other things, declaratory and injunctive relief.

## ANALYSIS

Westlake filed her original Complaint (d/e 1) on November 30, 2006, against the Department. The Department moved to dismiss because it was not a suable entity, and the Court granted the Department's Motion to Dismiss. Opinion entered April 4, 2007 (d/e 11). Westlake was granted leave to replead, which she has done. The City now moves to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

A complaint should not be dismissed, under Rule 12(b)(6), for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). The plaintiff

3

is required only to provide a short and plain statement of her claim "'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a); see also Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

The City first moves to dismiss Count I on the basis that Westlake's Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC) failed to include a claim for gender discrimination. The City asserts that the EEOC Charge of Discrimination only alleged claims relating to retaliation.  In support of its argument, the City has submitted a copy of Westlake's EEOC Charge of Discrimination, a copy of Notice of Rights from the EEOC, and a copy of the EEOC's Notice of Disclosure Rights.  See Defendant's Motion to Dismiss, Exh. 1.  The Complaint specifically references Westlake's EEOC Charge of Discrimination.  See First Amended Complaint, ¶ 5.  "[I]f a document is specifically referenced by the complaint and central to the plaintiff's claim, [courts] may consider that document as part of the pleadings if it is attached to a defendant's motion attacking the sufficiency of the complaint."  Hirata

4

Corp. v. J.B. Oxford and Co., 193 F.R.D. 589, 592 (S.D. Ind. May 30, 2000).  Because the EEOC Charge of Discrimination is referenced in the First Amended Complaint, is central to Westlake's claim, and is attached to the City's Motion to Dismiss, the Court will consider the document as part of the pleadings, and need not convert this portion of the Motion to a summary judgment motion.

Typically, a Title VII plaintiff cannot present a claim in a lawsuit unless it was included in her EEOC charge.  Martinez v. Universal Laminating, Ltd., 2002 WL 31557621, at *3 (N.D. Ill. Nov. 18, 2002) (citing Taylor v. W. & S. Life Ins. Co., 966 F.2d 1188, 1194 (7th Cir. 1992)). "Nonetheless, recognizing that laypeople often draft EEOC charges, the courts have carved out an exception for claims that are 'reasonably related' to or grow out of the allegations in the EEOC charge." Id. (citing Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976)).

Even under a narrow reading, Westlake's EEOC Charge of Discrimination clearly alleged a claim for gender discrimination. Westlake stated in her EEOC Charge as follows: "I believe that I have been **discriminated against because of my sex, female,** and retaliation, in

5

violation of Title VII of the Civil Rights Act of 1964, as amended." Defendant's Motion to Dismiss, Exh. 1. Also, she checked the boxes for "SEX" and "RETALIATION". Id. Westlake's EEOC Charge, therefore, clearly included a gender discrimination claim. The City's request to dismiss on this basis is denied.

The City also moves to dismiss the gender discrimination claim (Count I) asserting that it fails to outline sufficient facts to put the City on notice of its alleged violations. Title VII provides: "It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]"  42 U.S.C. § 2000e-2(a)(1). "Under liberal federal pleading standards, to plead a gender discrimination case, a plaintiff need only say [s]he was turned down for a job, fired or otherwise discriminated against because of [her] gender." Schultz v. Illinois Dept. of Corrections, 2001 WL 1803713, at *1 (S.D. Ill. April 12, 2001) (citing Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)). Indeed, "'a complaint is not required to allege all, *or any*, of the facts logically entailed by the claim . . . . A plaintiff does not have to plead evidence . . . . [A]

complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing.'" Bennett, 153 F.3d at 518 (quoting American Nurses' Association v. Illinois, 783 F.2d 716, 727 (7th Cir. 1986)).

Here, Westlake alleges that the City discriminated against her on account of gender when it terminated her employment on February 2, 2005. She further alleges that no male officers similarly situated to her were terminated. She alleges that her termination was an intentional discrimination by the City. These allegations are sufficient to satisfy the requirements of liberal federal pleading standards. Therefore, the Defendant's request to dismiss on this basis is denied.

THEREFORE, for the reasons set forth above, the Defendant's Motion to Dismiss (d/e 14) is DENIED. The Defendant is directed to file an answer or otherwise plead by June 18, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:  May 16, 2007.

       FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE