**E-FILED**
Monday, 09 March, 2009  09:56:37 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANGELA WESTLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3284 |
| | ) | |
| SPRINGFIELD POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant's Motion for Summary Judgment (d/e 39) (Motion).  Plaintiff filed a Memorandum of Law in Response to Motion for Summary Judgment (d/e 44) (Response).  For the reasons set forth below, the Motion is allowed.

## FACTS

Plaintiff Angela Westlake (Westlake) worked as a police officer for Defendant Springfield Police Department (SPD) from September 1, 2001 through February 4, 2005, when she was terminated.  Westlake alleges that she was terminated in retaliation for a complaint she made regarding a

1

sexually hostile work environment.

The SPD has offered evidence that numerous police officers who formerly worked with Westlake never heard any officers direct sexual comments toward her or other female officers. Westlake does not dispute these officers' accounts, and she fails to offer evidence that anyone, including herself, heard any officers direct sexual comments toward her or other female officers.[1] Westlake does offer evidence that at some point -- she does not recall when -- she complained to Lieutenant Lea Joy that a co-worker, Sergeant Mazrim, asked her out and began harassing her when she refused. Westlake states that she asked Joy to help her get Mazrim to stop harassing her and complaining about her. Westlake testified at her deposition that this conversation occurred while Joy was providing an employee evaluation of her. This was the only time they discussed the matter, Westlake says.

Joy's account differs from Westlake's. According to Joy, Westlake never made any allegations to her of a sexually hostile work environment. Moreover, in her summary judgment briefing, Westlake concedes that while

---

[1]Indeed, Westlake includes no statement of proposed facts in her Response. She disputes several of the SPD's proposed facts, but other than evidence offered to dispute these particular facts, she fails to provide evidence of her own.

2

employed by the SPD, she received only one employment evaluation, by Lieutenant Frank Natale.  Westlake concedes that Joy never evaluated Westlake's performance and never supervised her.

Throughout Westlake's tenure, the SPD received numerous complaints from the public regarding Westlake's lack of professionalism and rude behavior.  After several internal affairs investigations resulting in discipline, the SPD required Westlake to enter into a Last Chance Agreement on March 15, 2004.  The Last Chance Agreement provided that if Westlake committed any serious breach of SPD rules, regulations, requirements, or protocol, she would be discharged.  Westlake subsequently committed numerous rule violations, four of which resulted in separate internal affairs investigations, and on February 2, 2005, the SPD terminated her.  During and after Westlake's employment with the SPD, the SPD terminated several other employees for job performance concerns.

On November 30, 2006, Westlake filed this suit.  In her First Amended Complaint, she raises two claims.  In Count I, Westlake alleges that the SPD discriminated against her based on her gender.  In Count II, she raises a retaliation claim.  Westlake alleges that while a SPD employee, she believed she was being subjected to a sexually hostile work environment

3

and complained about this environment.   She alleges that the SPD terminated her because she complained.

## ANALYSIS

In Westlake's Response to the Motion, she concedes that she cannot survive summary judgment on Count I; therefore, the Court need not address the SPD's arguments on this claim.  Westlake argues that summary judgment is not appropriate on Count II, though.  The Court finds that Westlake has not shown that issues of fact remain on this retaliation claim.

A motion for summary judgment must be granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Herman v. Nat'l Broadcasting Co., 744 F.2d 604, 607 (7th Cir. 1984).  Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain.  Matsushita Elec. Indus. Co.,

4

Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "Summary judgment is appropriately entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  McKenzie v. Ill. Dept. of Transp., 92 F.3d 473, 479 (7th Cir. 1996) (quoting Celotex, 477 U.S. at 322).

To successfully oppose a motion for summary judgment, the nonmoving party must do more than raise a "metaphysical doubt" as to the material facts.  See Matsushita Elec. Indus. Co., 475 U.S. at 586.  Instead, she must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'"  Id. at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Id.  Finally, "[a]lthough [the court] must, for purposes of summary judgment review, draw any inferences from the record in favor of the plaintiff, [it is] not required to draw every conceivable inference from the record.  [It] need draw only reasonable ones."  See Tyler v. Runyon, 70 F.3d 458, 467 (7th Cir. 1995) (internal quotation marks omitted).

The SPD asserts that Westlake cannot prove her retaliation claim.

"Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an employee because he has opposed any practice made an unlawful employment practice by the statute or because he has made a charge, testified, assisted, or participated in [a relevant] investigation, proceeding, or hearing." Boumehdi v. Plastag Holdings, LLC, 489 F.3d 781, 792 (7th Cir. 2007) (internal quotation marks omitted).  An employee may prove retaliation under either the direct method or the indirect method. Williams v. Waste Mgmt. of Ill., Inc., 361 F.3d 1021, 1031 (7th Cir. 2004). The direct method requires an employee to present direct evidence of: (1) a statutorily protected activity; (2) an adverse employment action taken by the employer; and (3) a causal connection between the two.  Id.

Westlake has offered evidence on the first and second points, but none on the third, and therefore she cannot survive summary judgment using the direct method.  On the first point, Westlake has offered evidence that she complained to Joy that Mazrim had been harassing her. Such complaints are statutorily protected.  See Boumehdi, 489 F.3d at 792-93.  On the second point, evidence is before the Court that the SPD terminated Westlake on February 2, 2005.  Termination clearly constitutes an adverse employment action.  Maclin v. SBC Ameritech, 520 F.3d 781, 787-88 (7th Cir. 2008).

6

On the third point, however, Westlake has offered no evidence to dispute the SPD's evidence that she was terminated for job performance issues.

Westlake argues that the timing of her complaint to Joy and her termination establish a causal connection, but she has offered no evidence to support her argument. "The causal link of a retaliation claim is frequently established by showing that there was a suspiciously short period of time between the employee's complaint and the adverse employment action." Boumehdi, 489 F.3d at 793. Here, however, Westlake has offered no evidence of the timing of her complaint to Joy. In fact, she testified at her deposition that she could not recall when she complained to Joy. Without offering some evidence of the timing of her complaint, Westlake cannot show that the termination occurred a suspiciously short time later. Under the direct method, Westlake has not satisfied her burden of presenting evidence to show that issues of fact remain for trial.

She similarly fails to offer evidence sufficient to survive summary judgment under the indirect method. "Under the indirect method, the plaintiff must show that (1) she engaged in a statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite her satisfactory job performance, she suffered an

7

adverse action from the employer; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." Williams, 361 F.3d at 1031 (emphasis omitted). Westlake has offered sufficient evidence on the first and third points (at least, on point 3, that she suffered an adverse employment action) to establish that a genuine issue of fact remains, but she has not met her burden on the second or fourth points. On the second point, Westlake offers absolutely no evidence of her job performance, and she fails to dispute the SPD's evidence of numerous complaints from the public regarding her behavior on the job. On the fourth point, she offers no evidence of similarly situated employees who did not complain of a sexually hostile work environment, and she fails to dispute the SPD's evidence that it also terminated other employees for work performance concerns. Westlake failed to present evidence showing that issues of fact remain for trial. Based on the undisputed facts before the Court, the SPD is entitled to summary judgment.

THEREFORE, Defendant's Motion for Summary Judgment (d/e 39) is ALLOWED. Summary judgment is entered for the SPD and against Westlake on both counts in the First Amended Complaint. All pending

motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   March 9, 2009

       FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
